IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAUNCEY JONES | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES McGRADY, et al. | : | No. 09-5641 |
| Respondents | : | |

## MEMORANDUM

LOWELL A. REED, JR., Sr. J.                                        April 27, 2010

A pro se petition for writ of habeas corpus, (Doc. No. 1), has been filed pursuant to

28 U.S.C. § 2254 by Chauncey Jones ("Jones"). Respondents have answered the petition

and Jones has filed a reply thereto. (Doc. Nos. 12 & 15). Jones is an individual currently

incarcerated in the Retreat State Correctional Institution in Hunlock Creek, Pennsylvania.

For the reasons that follow, the petition will be dismissed.

## FACTS AND PROCEDURAL HISTORY:

After a jury trial before the Honorable Kathryn S. Lewis, Court of Common Pleas

of Philadelphia County, Jones was convicted of attempted murder, aggravated assault,

burglary, terroristic threat, two (2) counts of unlawful restraint, two (2) counts of simple

assault, possessing an instrument of crime and criminal conspiracy. On June 5, 2001,

Jones was sentenced to an aggregate of 19 to 38 years of imprisonment.

Jones filed a direct appeal. On October 15, 2002, the Pennsylvania Superior Court

affirmed the judgment of sentence. Commonwealth v. Jones, No. 1742 EDA 2001 (Pa.

Super. Oct. 15, 2002) (unpublished memorandum), attached as Ex. "B" to Respondents'

Answer.  On February 11, 2005, the Pennsylvania Supreme Court denied Jones' petition for allowance of appeal.  Commonwealth v. Jones, 870 A.2d 320 (Pa. 2005).

On December 12, 2005, Jones filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq.  Counsel appointed to represent Jones in his PCRA matter subsequently filed a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), certifying that he had reviewed the entire record and concluded that there were no meritorious issues to advance before the PCRA court.  Counsel was permitted to withdraw from representation.  After Jones filed a supplemental pro se petition, the PCRA court dismissed Jones' petition as meritless on July 18, 2007.  On October 1, 2008, the Superior Court affirmed the denial of Jones' PCRA petition.  Commonwealth v. Jones, No. 1956 EDA 2007 (Pa. Super. Oct. 1, 2008) (unpublished memorandum), attached as Ex. "C" to Respondents' Answer.  Jones filed a petition for allowance of appeal in the Pennsylvania Supreme Court which was denied on February 23, 2009.  Commonwealth v. Jones, 966 A.2d 571 (Pa. 2009).

On November 13, 2009,[1] Jones filed the instant petition for a federal writ of habeas corpus claiming:

---

[1]Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  Jones signed his habeas petition on November 13, 2009; therefore, I will assume that he presented his petition to prison authorities on that date.

1) the evidence was insufficient to prove that he was guilty of attempted murder;[2]

2) counsel were ineffective during pretrial investigation, at trial and on appeal; and

3) the proceedings were held in a tribunal without jurisdiction.

Respondents' answer asserts that Jones is not entitled to federal habeas relief because his petition is untimely, and that, in the alternative, his claims are unexhausted and procedurally defaulted or non-cognizable. (Doc. No. 12).

## DISCUSSION:

Section 101 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, amended habeas corpus law by imposing a one (1) year limitation period to applications for writ of habeas corpus filed by persons in state custody. 28 U.S.C.A. § 2244(d)(1). Section 2244, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

---

[2]Claims one (1) and two (2) on Jones' habeas petition and in his accompanying memorandum of law present the same issue; therefore, I have consolidated those claims into one (1) claim. See Petition at 9; Petitioner's Memorandum of Law in Support of Habeas Petition, at 5-19 (Doc. No. 1).

>       (C) the date on which the constitutional right asserted was
>       initially recognized by the Supreme Court, if the right has
>       been newly recognized by the Supreme Court and made
>       retroactively applicable to cases on collateral review; or
>
>       (D) the date on which the factual predicate of the claim
>       or claims presented could have been discovered through
>       the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The amended statute also provides that the time during which a

properly filed application for state post-conviction or other collateral review is pending

shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the

date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review."  Swartz v. Meyers, 204 F.3d 417, 419 (3d

Cir. 2000).  Jones' conviction became final on May 12, 2005, when the time for filing a

petition for a writ of certiorari in the United States Supreme Court expired.  See S.Ct.R.

13(1) (stating petitioners have ninety (90) days to file petition for a writ of certiorari).

Consequently, Jones would normally have had until May 12, 2006, to timely file his §

2254 petition.

However, on December 12, 2005 - 214 days into the federal statute of limitations

period - Jones filed his first PCRA petition.  Because this petition was filed in accordance

with Pennsylvania's procedural requirements, it is considered a "properly filed

application" for post-conviction relief, thereby tolling the one (1) year limitation period.

See 28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application" for state

4

post-conviction review is pending shall not be counted toward the one (1) year period of limitation); Artuz v. Bennett, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee").  Such a petition is considered "pending" within the meaning of § 2244(d)(2) during the time a state prisoner is pursuing his state post-conviction remedies, including the time for seeking discretionary review of any court decisions whether or not such review was actually sought.  See Swartz, 204 F.3d at 424.  Jones' petition was thus pending until February 23, 2009.[3]  At this time, the one (1) year grace period began to run and Jones had 151 days, or until July 24, 2009, to file a timely § 2254 petition.

Jones filed his petition on November 13, 2009, over three (3) months after the limitation period expired on July 24, 2009.  He does not assert that there has been an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered.  See 28 U.S.C. § 2244(d)(1)(B)-(D).  Consequently, Jones would be barred from presenting his claims under § 2254, unless the instant petition is subject to equitable tolling.

---

[3]The ninety (90) day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the AEDPA limitations period.  Lawrence v. Florida, 549 U.S. 327, 332 (2007).

The United States Supreme Court has not decided whether equitable tolling is available in the context of a federal habeas petition. See, e.g., Lawrence, 549 U.S. at 336 ("[w]e have not decided whether § 2244(d) allows for equitable tolling . . . we assume without deciding that it is"). The Third Circuit, however, has ruled that the one (1) year period of limitation for § 2254 is subject to equitable tolling because this limitation period is a statute of limitations and not a jurisdictional bar. See Miller v. N.J. State Dept. of Corr., 145 F.3d 616, 618 (3d Cir. 1988).

In assuming that equitable tolling is available, the United States Supreme Court stated that a litigant bears the burden of establishing two (2) elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence, 549 U.S. at 336 (citing Pace, 544 U.S. at 418); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (requiring that plaintiff has "in some extraordinary way" been prevented from asserting his rights). The Court also held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling." Id.; see also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

I do not find the instant matter to be one of the "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice." See Jones, supra. Jones presents us with no evidence that he either diligently pursued his

6

claims or was prevented in some extraordinary way from doing so.  Because Jones has not

established "extraordinary" circumstances which would justify application of equitable

principles, this court finds that there are no circumstances which would make the rigid

application of the limitation period unfair.[4]  Consequently, Jones' petition must be

dismissed as untimely.

An appropriate order follows.

---

[4]Jones argues that the instant petition is timely because he filed it within a year of the conclusion of his PCRA appeal.  <u>See</u> Petitioner's Petition in Opposition to Respondent's Response (Doc. No. 15), at 4-6.  This argument is based upon a faulty understanding of the calculation process for the federal statute of limitations.  More specifically, in arguing that his habeas petition is timely, Jones erroneously fails to account for the time which elapsed from the point when his direct appeal ended and when he filed his PCRA petition.